**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Barbara Gilkey ZACKERT,
Defendant-Appellant.**

**No. 85–5605.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 27, 1986.

Decided Feb. 19, 1986.

Charles R. Ray (argued), Barrett and Ray, Nashville, Tenn., defendant-appellant.

Joe B. Brown, U.S. Atty., Nashville, Tenn., William M. Cohen (argued), for plaintiff-appellee.

Before KENNEDY and CONTIE, Circuit Judges, and GIBSON,\* District Judge.

PER CURIAM.

Defendant-Appellant, Barbara Zackert, appeals from her conviction on one count of importation of cocaine, 21 U.S.C. § 952(a); 18 U.S.C. § 2, and one count of use of the

---

\* Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation.

mails to facilitate the importation of cocaine, 21 U.S.C. § 843(b); 18 U.S.C. § 2. On appeal from her jury verdict she contends that there was insufficient evidence to support a finding that she caused the importation and, further, that if the evidence was sufficient, the conviction on only one of the two counts may stand, because both are based on the same conduct.[1]

In reviewing the sufficiency of the evidence for a conviction, the courts must view the evidence in the light most favorable to the government and draw every reasonable inference from the evidence in the government's favor. *United States v. Tilton*, 714 F.2d 642, 645 (6th Cir.1983). The following facts were established at trial. On August 3, 1983, a book containing 199 grams of cocaine in its covers was intercepted in the mail by a United States Customs Service inspector at the Miami International Airport. The book was in a mailbag unloaded from a Columbian airplane. It was contained in a brown envelope addressed to Melodi Crain, 634 Farrell Parkway, Nashville, Tennessee. On August 9, 1983, shortly before a postman attempted, unsuccessfully, to deliver the book to that address, a woman driving an automobile registered to appellant reached into the mailbox at that address. On August 10, 1983, Ms. Crain and her companion were arrested after Ms. Crain picked up the book at a branch of the U.S. Post Office.

Ms. Crain was convicted of receiving the cocaine in the book. A witness for the government at appellant's trial, she testified that earlier in 1983 she had agreed to allow appellant to use her address for the delivery of a package. She received the package and delivered it to appellant, and appellant paid her $500.00. Appellant also told Ms. Crain that this earlier package contained cocaine. According to Ms. Crain, appellant told her that she (Ms. Crain) would be receiving another package and that Ms. Crain should hold it for appellant.

Appellant also told Ms. Crain that appellant had been to Ms. Crain's house and checked the mailbox on August 9.

Appellant asserts that the government has failed to establish that appellant caused the importation of the cocaine. *Cf. United States v. Koua Thao,* 712 F.2d 369, 371 (8th Cir.1983). The conviction must be upheld if there is sufficient evidence that appellant caused the cocaine to be imported or if she aided or abetted in its importation. *See* 18 U.S.C. § 2(a). "In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' L. Hand, J., in *United States v. Peoni* 100 F.2d 401, 402." *Nye & Nissen v. United States*, 336 U.S. 613, 619, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1949).

■ The evidence shows that appellant did more than receive an unsolicited package. She arranged for the packages to be sent to a particular address, she paid Ms. Crain to receive the first package there, and her actions and words indicated that she expected future packages containing cocaine to be sent. Certainly, there was sufficient evidence for the jury to find that she caused the package to be imported or that she participated in the importation or sought to make the importation successful. Without an address for the delivery in the United States, the cocaine could not have been imported. It was appellant who arranged for the address that was used.

■ Appellant's other challenge is to being punished for two offenses that, in this case, were proved by the same facts. It is undisputed that the same proof was used to establish both statutory violations in this case. The Supreme Court has stated that when such a situation occurs, it is a matter of Congressional intent whether the defendant can be convicted of, and pun-

---

1. Appellant also complained that the District Court erred in failing to grant bail pending sentencing and in failing to grant bail pending appeal. This Court, on November 7, 1985, 780 F.2d 1024, dismissed the appeal from the denial of bail pending sentencing as moot and denied a motion for bail pending appeal.

ished for, each offense. *Ball v. United States,* —— U.S. ——, 105 S.Ct. 1668, 1671–72, 84 L.Ed.2d 740 (1985).

This Court has consistently relied on the test of statutory construction stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), to determine whether Congress intended the same conduct to be punishable under two criminal provisions. The appropriate inquiry under *Blockburger* is "whether each provision requires proof of a fact which the other does not." [citations omitted].

*Ball,* 105 S.Ct. at 1672. The question is not whether one might be, or is, convicted on the same facts in a particular case; rather, the court looks to whether every violation of one statute entails a violation of another. *See United States v. Woodward,* —— U.S. ——, 105 S.Ct. 611, 612, 83 L.Ed.2d 518 (1985). In the instant case, not every proof of a violation of section 843(b) (use of a communication facility in committing or in causing or facilitating the commission of acts constituting a felony) will constitute proof of a violation of section 952(a) (importation of a controlled substance). The overlap only occurs when the importation itself is done through the mails.

■ Once it is established that every violation of one statute does not constitute violation of another, the appellant must offer evidence that Congress did not intend to allow separate punishment for the two different offenses. *Woodward,* 105 S.Ct. at 612; *Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981). This indication of legislative intent must be "clear." *Albernaz,* 450 U.S. at 340, 101 S.Ct. at 1143. If Congress is silent, then the courts are to presume that separate punishment was intended. In this case, the very wording of the statute (section 843(b)) makes it obvious that the establishment of a section 843(b) offense would amount to establishment, in some cases, of other offenses. Yet, although Congress was aware of the rule of statutory construction stated above, it did not express a desire not to punish

under both section 843(b) and another section for conduct prohibited by both. *Cf. Albernaz,* 450 U.S. at 341–42, 101 S.Ct. at 1143–44.

Accordingly, the judgment of the District Court is affirmed.