Duane J. Deskins, Los Angeles, Cal. for plaintiff-appellant.

Elsa Leyva, Los Angeles, Cal. for defendant-appellee.

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**William Ritter RAPP, Defendant-Appellee.**

No. 86–5127.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 1987.

Decided April 16, 1987.

Before WRIGHT and REINHARDT, Circuit Judges, and MUECKE,* District Judge.

MUECKE, District Judge:

Upon his guilty plea to three counts of armed bank robbery, the appellee received a ten year concurrent sentence from the district court judge. Subsequently, appellee pled guilty to two different counts of armed robbery. A different district court judge sentenced appellee to a period of ten years to run concurrently with the appellee's other sentence. The appellee filed a timely motion for reduction of sentence pursuant to Rule 35, Federal Rule of Crimi-

---

\* Honorable Carl A. Muecke, Senior United States District Judge, District of Arizona, sitting by designation.

nal Procedure. The rule authorizes a sentencing judge to reduce a criminal sentence within 120 days from the date the sentence becomes final. The district court did not rule until April 1986 (more than nine months from the date that appellee filed his motion) on the motion to reduce the appellee's sentence. At the April 1986 hearing, the district court judge stated that the reason he delayed as long as he did was because he "wanted to have some indication of what the Parole Commission was going to do in this case." He also stated at prior hearings that he intended to wait until the Parole Commission had acted so that he could make his decision after he saw what the Commission had done. In its appeal, the appellent argues that the court lacked jurisdiction to reduce the appellee's sentence since the court delayed consideration of the motion in order to review the decision of the parole commission.

Rule 35(b) provides in part:

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time.

A district court loses jurisdiction if it fails to rule on the motion within the requisite time period. This Court permits some flexibility with the time limit by "allowing district courts to retain jurisdiction over timely-filed motions for a 'reasonable time' beyond the deadline." *United States v. Smith*, 650 F.2d 206, 209 (9th Cir.1981). Reasonableness in the delay is evaluated "in light of the policies supporting the time limitation and the reasons for the delay in each case." *Id.*

The purpose of Rule 35 "is simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh." *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir.

1973). The time limitation in Rule 35 "ensures that the court does not usurp the responsibilities of parole officials...." *United States v. Smith*, 650 F.2d at 208. In *United States v. Addonizio*, 442 U.S. 178, 188–90, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979), a unanimous Supreme Court further explained this policy consideration:

Whether wisely or not, Congress has decided that the Commission is in the best position to determine when release is appropriate, and in doing so, to moderate the disparities in the sentencing practices of individual judges.

\* \* \* \* \* \*

The import of this statutory scheme is clear: the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term.... To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts.

The district court judge's reason for delaying ruling upon appellee's motion for reduction of sentence was the judge's concern regarding the Parole Commission's conduct. It is clear from the record that the district court judge planned to modify the appellee's sentence only if he believed that the Parole Commission's actions were too severe. In light of the policies supporting the time limitation and the reasons for the delay in the present case, the delay was "unreasonable" and the district court was deprived of jurisdiction to consider the motion. Since the appellee may directly or collaterally attack the 10–year concurrent sentence imposed by a different district court judge in an unrelated and unreviewed case, the appellee's motion challenging the reduced 8–year sentence is not moot. The district court's judgment is vacated with directions to vacate the order reducing sentence and to reinstate the original sentence.