**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Pablo SALAS, Defendant-Appellant.**

No. 86–5190.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 1987.

Decided Aug. 10, 1987.

---

Richard Stavin, Los Angeles, Cal., for plaintiff-appellee.

Arthur Mabry, Los Angeles, Cal., for defendant-appellant.

Before WALLACE, BEEZER and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Robert Salas (Salas) was found guilty after a jury trial of violating 21 U.S.C. § 846, conspiracy to distribute a controlled substance, as charged in Count One of the indictment, and 21 U.S.C. § 843(b), use of a communication facility to commit a drug-related felony, as charged in Count Three of the indictment.[1] On September 5, 1984, the district court sentenced Salas to fifteen years incarceration on Count One and four years incarceration on Count Three, to run consecutively to the fifteen-year sentence. The four-year sentence was suspended, and Salas was placed on probation for five years.

At the time of sentencing, Salas, after reviewing the Probation Department's Presentence Investigation Report and the government's Sentencing Memorandum, was given an opportunity to make a statement. Salas contested the dollar amount of the heroin seized as contained in the Presentence Investigation Report, claiming that it was an excessive amount and would be considered in the Parole Commission's determinations. Salas also contested several points contained in the government's Sentencing Memorandum concerning his prior history and his alleged associations with members of the Mexican Mafia.

After Salas presented his objections to the Presentence Investigation Report and the Sentencing Memorandum, the court sentenced him, stating that there was "nothing of a material nature ... that is inaccurate or incorrect except as to the dollar value" of the heroin. The court subsequently ordered the Probation Department to correct the Presentence Investigation Report prior to sending it to the Parole Commission and the Bureau of Prisons. The court did not make any written findings with respect to Salas' challenges to the government's Sentencing Memorandum.

On December 12, 1985, Salas filed a motion for reduction of sentence pursuant to Fed.R.Crim.P. 35 (Rule 35).[2] The district court denied the motion, and Salas filed this appeal. We affirm.

## II

Sentencing is left to the sound discretion of the district court. *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986). Sentencing that is within statutory limits is generally not reviewable unless constitutional concerns exist. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). However, whether a sentence imposed is illegal is a question of law reviewed de novo. *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987).

1. On May 29, 1985, this court affirmed Salas' conviction in an unpublished memorandum disposition. 765 F.2d 150.

2. Fed.R.Crim.P. 35 provides:
   (a) The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

   (b) A motion to reduce a sentence may be made ... within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment....
   Salas' motion for reduction of sentence was timely because it was filed within 120 days after the Ninth Circuit's mandate was received by the district court on October 16, 1985.

## III

Salas contends that the district court failed to comply with the requirements of Fed.R.Crim.P. 32(c) (Rule 32(c)) at his sentencing hearing.[3] Specifically, he contends that the district court failed to either make explicit findings regarding contested matters in the government's Sentencing Memorandum or state that it was not relying on them. *See* Rule 32(c)(3)(D). Salas also argues that the district court erred in failing to hold an evidentiary hearing on the contested matters in the Sentencing Memorandum pursuant to Rule 32(c)(3)(A).

■ By its own terms Rule 32(c) applies only to the Probation Department's Presentence Investigation Report and not to the government's Sentencing Memorandum. However, where the Sentencing Memorandum is incorporated into the Presentence Investigation Report or copied therein, compliance with Rule 32(c) is required. *United States v. Sharon,* 812 F.2d 1233, 1234 (9th Cir.1987).

■ Since the record on this appeal does not indicate whether the Sentencing Memorandum was incorporated into the Presentence Investigation Report or copied therein, a remand would ordinarily be required. *Id.* Under the circumstances of this case, however, a remand is unnecessary. Even if the Sentencing Memorandum was incorporated into the Presentence Investigation Report, we find that the district court has complied with the requirements of Rule 32. Although the district court failed to fulfill the requirements of Rule 32 at the original sentencing hearing, it corrected its own error at the Rule 35 hearing. The court made the following statement at the Rule 35 hearing:

> The sentence that I imposed ... was based upon not the arguments of either the government as contained in the Sentencing Memorandum or as contained in [Salas' counsel's] arguments, but based upon the nature of the offense itself and the degree of involvement in which I found Mr. Salas to have participated.

It went on to state that "the information in the Sentencing Memorandum was not of significance to me in terms of the sentence itself that was actually imposed." The court subsequently ordered the Bureau of Prisons and the Parole Commission to attach the transcript of these statements to the Presentence Investigation Report and to incorporate the transcript therein.

The district court has complied with the requirements of Rule 32(c). It made explicit statements that it did not rely on contested matters in the Sentencing Memorandum and ordered that a copy of the transcript thereof be attached to the Presentence Investigation Report. *See United States v. Petitto,* 767 F.2d 607, 610 (9th Cir.1985).

■ Similarly, we reject Salas' argument that an evidentiary hearing was required on the contested matters pursuant to Rule 32(c)(3)(A). As noted above, the district court explicitly stated that it did not rely on the contested matters. An evidentiary hearing is not required under these circumstances. *Petitto,* 767 F.2d at 611.

## IV

Salas also contends that the consecutive sentence ordered by the district court is illegal under 18 U.S.C. § 3584(a).[4] Salas'

---

3. Fed.R.Crim.P. 32(c)(3)(A) provides:
    At a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation ... The court shall afford the defendant and his counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.
  Fed.R.Crim.P. 32(c)(3)(D) provides:
    If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccu-

racy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

4. 18 U.S.C. § 3584(a) provides:

reliance on section 3584(a) is misplaced because this section does not become effective until November 1, 1987.

AFFIRMED.

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.