**UNITED STATES of America, Plaintiff,**

v.

**Ma Anand SHEELA, aka Sheela Patel, Ma Anand Puja, aka Diane Onang, Defendants.**

**Nos. CR85–182, CR85–278 and CR86–53.**

United States District Court,
D. Oregon.

Aug. 27, 1987.

---

pleas were the result of plea negotiations between defendants, the United States and the State of Oregon. Under the provisions of Fed.R.Crim.P. 32(c)(1) each defendant waived a presentence investigation and preparation of a presentence report. The court immediately sentenced each defendant to the custody of the Attorney General for a period of four and one half years. This sentence was agreed to between the parties pursuant to Fed.R.Crim.P. 11(e)(1)(C). A post-sentence report was prepared which is at issue here.

Defendants have moved to withdraw or alternatively to excise portions of their post-sentence reports. They argue that their reports contain false, inaccurate and misleading information. As the reports have been forwarded to the Bureau of Prisons and the Parole Commission, they argue that they have been unfairly subjected to discriminatory treatment by officials of those agencies and denied the benefit of some programs to which they feel entitled because of their exemplary conduct and sentence length. Specifically, they contend that Rule 32 provides a mechanism for defendants to challenge inaccuracies in a presentence report and they argue they should be entitled to the same relief with regard to their post-sentence reports.

Fed.R.Crim.P. 32(c) provides for a presentence investigation and a report which is to be used *inter alia* by the district court judge for sentencing. *United States v. Edwards*, 800 F.2d 878, 880 (9th Cir.1986). Accordingly, the rule provides relief when the defendant alleges factual inaccuracies during imposition of sentencing. *Id.* Challenges to the presentence report under Rule 32 must be raised during imposition of the sentence, not later. *See United States v. Leath*, 711 F.2d 119, 120 (8th Cir.1983); *Maynard v. Havenstrite*, 727 F.2d 439, 440 (5th Cir.1984); *Solomon v. Elsea*, 676 F.2d 282, 288–9 (7th Cir.1982); *United States v. Mittelsteadt*, 614 F.Supp. 887, 889 (E.D.Wis.1985) *affirmed* 790 F.2d 39 (1986). By its own terms, Rule 32 applies only to presentence reports and not to other documents such as a sentencing

Charles H. Turner, U.S. Atty., Dist. of Oregon, Baron C. Sheldahl, Asst. U.S. Atty., Portland, Or., for plaintiff.

Stephen A. Houze, Birkland & Houze, Portland, Or., for defendants.

## OPINION

MARSH, District Judge.

Defendants Ma Anand Sheela and Ma Anand Puja move for withdrawal of their post-sentence reports or alternatively for excision of allegedly false and misleading information from the same reports. The motion is denied for the reasons that follow.

On July 22, 1986 defendants Sheela and Puja appeared and entered pleas of guilty to conspiracy for illegal wiretapping and tampering with consumer products. These

memorandum prepared by the government. *United States v. Salas*, 824 F.2d 751, 753 (9th Cir.1987).

The district court has very limited jurisdiction over a defendant once sentence has been imposed. Fed.R.Crim.P. 35 only allows for correction or reduction of the sentence which was imposed by the court and specifies time limits. The purpose of Rule 35 "is simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh." *United States v. Rapp*, 814 F.2d 1398, 1399 (9th Cir.1987) *quoting United States v. Maynard*, 485 F.2d 247, 248 (9th Cir.1973). The time limits imposed by the rule "ensure that the court does not usurp the responsibilities of parole officials." *Rapp* 814 F.2d at 1399 *quoting United States v. Smith*, 650 F.2d 206, 208 (9th Cir.1981).

A recent Ninth Circuit slip opinion considered an instance where the district court did not indicate at the time of sentencing whether a sentencing memorandum with some alleged inaccuracies prepared by the government was incorporated into a presentence report. *Salas*, 824 F.2d at 752. In *Salas*, the district court corrected its original sentencing error at a later Rule 35 hearing and stated the court had not relied on the memorandum at the time of sentencing. *Id.* The Ninth Circuit noted that the district court did correct its own error and did not remand. *Id.* at 753. The Ninth Circuit did not consider the appropriateness of the district court's actions under Rule 35.

28 C.F.R. § 2.19(c) allows a defendant to dispute the accuracy of information presented to the United States Parole Commission. 28 C.F.R. § 2.19(c) (1986). For example, several courts have stated that challenges to factual inaccuracies in a presentence report made after imposition of the sentence lie properly with the Parole Commission under 28 C.F.R. § 2.19(c), not with the district court. *Solomon*, 676 F.2d at 288; *Mittelsteadt*, 614 F.Supp. at 889.

There is no statutory authority for developing a post-sentence report. Nor is there any statutory authority for review of that report. Further, there are no reported cases discussing either. Finally, there are no reported cases where a post-sentence report was reviewed under either Rule 32 or 35.

■ The concept behind defendants' argument for independent review of the report seems meritorious. However, Fed.R. Crim.P. 32 is applicable only with regard to challenges made to factual inaccuracies in a presentence report made at the time sentence is imposed. Thus, jurisdiction cannot be found under Rule 32 to challenge a post-sentence report after the sentence has been imposed. Further, Fed.R.Crim.P. 35 is a narrow grant of authority to the district court to reconsider or correct a sentence it has imposed. It is not a grant of further jurisdiction over issues not raised at the sentencing or of execution of a sentence. There is no jurisdiction for district court review of a post-sentence report under Rule 35.

Execution of criminal sentences is vested in the Bureau of Prisons and the Parole Commission. Defendants have the right to challenge disputes over alleged factual inaccuracies in any information before the Parole Commission under 28 C.F.R. § 2.19(c). Presumably that encompasses alleged inaccuracies in a post-sentence report. Further, defendants have a right to appeal to the National Appeals Board a decision that is "based on erroneous information" when "the actual facts justify a different decision." 28 C.F.R. § 2.26(e)(4) (1986).

Thus, although defendants' relief does not lie with this court, defendants do have an opportunity in which to object to the alleged factual inaccuracies in information before the Parole Commission. As this court is without jurisdiction, defendants' motion is denied.