**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Garvis Eugene FREENY,
Defendant–Appellant.**

**No. 87–5537.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 23, 1988 *.

Decided March 14, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Garvis Freeny, Boron, Cal., for defendant-appellant.

Curtis B. Rappe, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, ANDERSON and FARRIS, Circuit Judges.

PER CURIAM:

Garvis Eugene Freeny, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence. Freeny contends that several errors of counsel denied him effective assistance of counsel and that alleged errors in his post-sentence report violated Fed.R.Crim.P. 32.

The judgment is affirmed. Freeny has not shown that his attorney's representation fell below an objective standard of reasonableness and that, but for the errors, he would not have pleaded guilty and would have insisted on going to trial. *See*

*Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–371, 88 L.Ed.2d 203 (1986). Further, the district court has no jurisdiction under Fed.R.Crim.P. 32 to entertain Freeny's challenge to his post-sentence report. Accordingly, the district court did not err in refusing to correct portions of Freeny's allegedly inaccurate post-sentence report. *See United States v. Sheela,* 667 F.Supp. 724, 725 (D.Ore.1983).

FACTS

A federal grand jury indicted Freeny on forty-one counts of conspiracy to transfer counterfeit identification documents and to transport stolen checks. Freeny pleaded guilty to three counts of savings and loan burglary. The plea agreement provided for an agreed sentence of eight years and dismissal of the remaining counts. Freeny waived his right to a presentence report at that hearing and agreed to proceed with immediate sentencing.

Freeny filed a Fed.R.Crim.P. 35 motion on December 12, 1985, seeking a reduction in sentence. The district court denied the motion as untimely. Freeny then sought relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel based on numerous errors surrounding his sentencing. Freeny also filed a motion for resentencing, alleging that inaccuracies in his post-sentence report violated Fed.R.Crim.P. 32. The district court consolidated the motions and denied both. Freeny timely appeals.

ISSUES

1. Did counsel's alleged errors deny Freeny effective assistance of counsel?

2. Did the district court err in denying Freeny's Fed.R.Crim.P. 32 motion challenging alleged errors in his post-sentence report?

ANALYSIS

I.

Standard of Review

This court reviews *de novo* the district court's denial of a 28 U.S.C. § 2255 motion to vacate, correct, or set aside a sentence. *See United States v. Quan,* 789 F.2d 711,

713 (9th Cir.), *cert. dismissed,* — U.S. —, 107 S.Ct. 16, 92 L.Ed.2d 770 (1986).

## II.

### Ineffective Assistance

Freeny contends that he was denied effective assistance of counsel because his counsel (1) waived preparation of a presentence report; (2) failed to present sentencing alternatives to the court, advise Freeny of his right to allocution, timely file a Fed. R.Crim.P. 35 motion, and to investigate the case or consult with Freeny; and (3) demonstrated ignorance of federal criminal law and procedure. Appellant's Brief at 6–7. These contentions lack merit.

■ To establish ineffective assistance of counsel, Freeny must show that his attorney's representation fell below an objective standard of reasonableness and that, but for the errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–371, 88 L.Ed.2d 203 (1986). In reviewing alleged deficiencies, this court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

■ With respect to counsel's alleged errors at sentencing, Freeny fails to satisfy the first prong of *Hill.* Freeny's claims revolve around his desire for a more lenient sentence. He pleaded guilty, however, to three counts of a forty-one count indictment, in exchange for an agreed sentence of eight years. In light of the specified term, counsel made a tactical decision to waive the pre-sentence report, the presentation of mitigating evidence and the filing of a Fed.R.Crim.P. 35 motion. This decision falls within the wide range of reasonable professional representation. *See Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. Contrary to Freeny's assertions, his counsel demonstrated competent knowledge of federal criminal law and procedure and exercised this knowledge on Freeny's behalf.

■ Moreover, this court may reject Freeny's sixth amendment claim on the second prong of *Hill* alone; he has failed to show that, but for the errors, he would have insisted on going to trial. Freeny faced forty-one counts and a possible sentence of twenty years and $5,000 fine on *each* count. Given this alternative, it is improbable that Freeny would have chosen to go to trial or, if convicted, would have received less than eight years. Thus, Freeny's ineffective assistance claim fails. *See Hill,* 474 U.S. at 59, 106 S.Ct. at 370–371.

## III.

### Post–Sentence Report Errors

Freeny contends that Fed.R.Crim.P. 32(c) obligates the district court to correct portions of his post-sentence report which contained false and inaccurate information. Appellant's Brief at 11. This contention fails.

■ Fed.R.Crim.P. 32(c) provides for a presentence investigation and a report which the district court judge must consider in sentencing. *See* Fed.R.Crim.P. 32; *United States v. Edwards,* 800 F.2d 878, 800 (9th Cir.1986). The rule allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later. *See United States v. Leath,* 711 F.2d 119, 120 (8th Cir.1983); *United States v. Sheela,* 667 F.Supp. 724, 725 (D.Ore.1987). By its own terms, Rule 32 applies only to presentence reports and not to other documents such as a post-sentence report. *United States v. Salas,* 824 F.2d 751, 753 (9th Cir.1987). Thus, the district court has no jurisdiction under Fed.R.Crim.P. 32 to entertain a challenge to a post-sentence report after the sentence has been imposed. *Sheela,* 667 F.Supp. at 726.

■ Similarly, Fed.R.Crim.P. 35 does not provide jurisdiction. Rule 35 allows the district court "to decide, if, on further reflection, the original sentence now seems unduly harsh." *United States v. Rapp,* 814 F.2d 1398, 1399 (9th Cir.1987) (quoting *United States v. Maynard,* 485 F.2d 247, 248 (9th Cir.1973)). Rule 35 does not grant

the district court further jurisdiction over issues not raised at the sentencing or the execution of a sentence. "There is no jurisdiction for district court review of a post-sentence report under Rule 35." *Sheela,* 667 F.Supp. at 726.

■ A defendant may dispute the accuracy of information presented to the United States Parole Commission under 28 C.F.R. § 2.26(e)(4) (1987). This challenge encompasses any alleged inaccuracies in a post-sentence report. *See* 28 C.F.R. § 2.19(a) and (b); *Sheela,* 667 F.Supp. at 726. Accordingly, a defendant's relief lies, not with the district court, but with the Bureau of Prisons.

The judgment is AFFIRMED.