868 F.2d 1273
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth D. COMO, Defendant-Appellant.
 No. 87-5364.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Dec. 27, 1988.
Decided Feb. 1, 1989.
 Before BRUNETTI, KOZINSKI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Como appeals, for the second time, the district court's sentencing order. Como pled guilty to two counts of armed bank robbery. 18 U.S.C. Sec. 2113(a), (d) (1982 & Supp. IV 1986). At sentencing, Como challenged his Probation Report, claiming that it inaccurately described his actions in a 1971 conviction as having been committed "with great bodily injury." Appellee's Excerpt of Record (AER) at 13. The district court imposed sentence without making any findings as to this allegation, and without stating that it would not consider the controverted matter in sentencing. Id. The court sentenced Como to 30 years. Como appealed and we remanded for compliance with Federal Rule of Criminal Procedure 32(c)(3)(D). United States v. Como, No. 86-5178 (9th Cir. Oct. 28, 1987). On remand, the district court reconsidered the Probation Report without its references to "great bodily injury" and affirmed Como's original sentence.
 
 
 3
 Como challenges the sentence, claiming that the district court once again failed to comply with Federal Rule of Criminal Procedure 32(c)(3)(D), and that it ignored our instructions on remand.
 
 
 4
 We reject appellant's contention. On remand, the district court complied fully with our remand instructions, which stated clearly that "the district court need not resentence [Como], but only take action to correct the Rule 32 violation." United States v. Como, No. 84-5178 at 3. AER 56. The district court represented that the references to "great bodily injury" in the Probation Report "are not being considered pursuant to the defendant's request that his sentence be reconsidered." AER 57. Moreover, the district court ordered a copy of its determinations appended to the Probation Report, as required by Federal Rule of Criminal Procedure 32(c)(3)(D). Id. Because the district court disavowed any reliance on the controverted matter, an evidentiary hearing was not required. United States v. Salas, 824 F.2d 751, 753 (9th Cir.), cert. denied, 108 S.Ct. 465 (1987); United States v. Petitto, 767 F.2d 607, 611 (9th Cir.1985).
 
 
 5
 Appellant makes a second contention based on the fact that on remand the case was considered by a different judge than the one who imposed the original sentence. Como argues that if the original judge relied on the challenged material in sentencing, the sentence would be tainted by the error, and the second judge could not simply reaffirm the sentence. This argument is wholly without merit. Once the district court has complied fully with Federal Rule of Criminal Procedure 32(c)(3)(D) on remand, the original sentencing judge's state of mind is irrelevant. A sentence imposed by a federal district judge, if within the statutory limit, is generally not subject to review. United States v. Weston, 448 F.2d 626, 631 (9th Cir.1971), cert. denied, 404 U.S. 1061 (1972); Bowman v. United States, 350 F.2d 913, 917 (9th Cir.1965). Under 18 U.S.C. Sec. 2113(d), the district court could have imposed up to 50 years' imprisonment and a fine of $20,000 for two counts of armed robbery. Appellant's 30-year sentence was well within the district court's discretion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3