**UNITED STATES of America, Appellee,**

v.

**James R. MARTIN a/k/a Big Charlie, Appellant.**

**No. 88–1492.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1988.

Decided Feb. 8, 1989.

---

Thomas M. Dawson, Leavenworth, Kan., for appellant.

Terry L. Derden, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY,* BOWMAN and MAGILL, Circuit Judges.

HEANEY, Circuit Judge.

James R. Martin entered a guilty plea on June 24, 1986, to both conspiracy to distribute cocaine and use of a telephone in fur-

therance of a felony. On July 15, 1986, the trial court sentenced Martin to five years and $75,000 for the conspiracy count and to three years and $25,000 for the telephone count.

On August 13, 1986, Martin filed (1) a motion to correct an illegal sentence pursuant to F.R.Cr.P. 35(a) and (2) a motion for compliance with F.R.Cr.P. 32(c)(3)(D) or, in the alternative, to withdraw his guilty plea. Thereafter, on August 28, 1987, Martin filed a motion to amend the pleadings, requesting that alternative (2) be changed to a motion under 28 U.S.C. § 2255. This motion was granted. Subsequently, the motion to correct the illegal sentence pursuant to F.R.Cr.P. 35(a) and the amended motion under 28 U.S.C. § 2255 were denied.

Martin appeals to this Court. He argues that this matter must be remanded to the district court because it failed to comply with Rule 32(c)(3)(D) in imposing the sentence. He also asserts that the consecutive sentences constitute double jeopardy. The government asserts that, because the sentencing memorandum was submitted separately, there need not be full compliance with Rule 32(c)(3)(D), and, even if such compliance is required, the district court fully complied.

## I.  RULE 32(c)(3)(D)

The government filed a sentencing memorandum asserting that Martin had been involved with larger quantities of cocaine in other incidents. Martin filed a response to the government's sentencing memorandum, disputing the allegations in the memorandum. With respect to both the sentencing memorandum and the response, the court at sentencing stated:

> But the record is here and I know the controversy concerning what is referred to in the Information—the reference to the 2.2 pounds and the reference to the 999 grams, whether it's more or less than one kilo and whether other matters in terms of volume might be considered. I just don't think that that is an appropriate matter for this court to get into. So

* The Honorable Gerald W. Heaney assumed senior status on January 1, 1989.

we are getting back, then, to the probation report itself and the history of the defendant.

Sent. Tr. p. 26.

The trial court then relied on the amounts stated in the plea agreement. The court's order denying Martin's amended motion under 28 U.S.C. § 2255 stated:

After carefully reviewing the plea and sentencing transcripts, the Court can only state that the sentence imposed by the Court was for the offense to which the defendant plead guilty and nothing else.

. . . . .

In short, the role that the controversy over the amount of cocaine involved played in the sentencing was *de minimis* and the defendant's amended petition pursuant to 28 U.S.C.A. will be denied.

Order, p. 4–5.

We affirm and hold that the district court fully complied with Rule 32(c)(3)(D). Even if the district court did not specifically comply with the rule at the original sentencing hearing, it corrected any error at the actual sentencing. Thus, there was no violation of the rule. *See U.S. v. Salas,* 824 F.2d 751, 753 (9th Cir.1987). The trial court specifically stated that it considered the disputed information as to the quantities of cocaine involved as reported in the sentencing memorandum to have a "de minimis" role in the sentence. In our view, this is tantamount to saying that the lower court was disregarding the statements in the sentencing memorandum with respect to the amounts of cocaine involved.

Under the versions of 21 U.S.C. § 841 and the Alternative Fines Statute, 18 U.S.C. § 3623, in force in 1985, Martin's maximum sentence for conspiracy to distribute 999 grams of cocaine was fifteen years and a fine of $250,000. Following his plea of guilty, Martin was sentenced to five years imprisonment and fined $75,000 for the conspiracy count. Considering that 999 grams of cocaine were involved, this sentence is appropriate within the measured discretion of the trial court. We find that Judge Eisele, in the sentencing of Martin, relied solely on the events stated in the information, disregarded any disputed information and, therefore, acted consistently with Rule 32(c)(3)(D).

## II.  DOUBLE JEOPARDY

Martin argues that, because his use of the phone to discuss a drug deal was both one of the overt acts in the conspiracy count and the required act in the use of the telephone in furtherance of a felony, his consecutive sentences constitute double jeopardy in violation of the Fifth Amendment of the Constitution. A defendant may be cumulatively punished if the crime for each punishment requires proof of a fact that the other does not require. *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *United States v. Anderson,* 654 F.2d 1264, 1268–69 (8th Cir.1981). In this case, the prohibition against double jeopardy does not apply because Martin was found guilty of both an ongoing conspiracy and a particular illegal act—separate offenses. *See United States v. Zackert,* 783 F.2d 677, 679 (6th Cir.1986) (cumulative punishment for both importation of cocaine and use of mails to import cocaine does not contravene the fifth amendment).

For the above reasons, we affirm the district court.