877 F.2d 63
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hyleme GEORGE, Defendant-Appellant.
 No. 88-6380.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1989.
 
 Before NELSON and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 This interlocutory appeal raises only one issue: whether prosecution of defendant-appellant Hyleme George is barred, under the Double Jeopardy Clause of the Fifth Amendment, by the dismissal "with prejudice" of a prior indictment based on the same alleged activities as those on which the present indictment is based. The elements of the offense with which the defendant was charged most recently are not the same as the elements of the offenses with which he was charged earlier, and we shall therefore affirm the district court's order denying Mr. George's motion to dismiss the latest indictment.
 
 
 2
 An indictment returned on October 6, 1986, charged Mr. George with one count of conspiracy and 54 counts of mail fraud. The indictment alleged that Mr. George had deprived citizens of Marion County, Kentucky, of their right to good government by unlawfully procuring and casting absentee ballots in a 1985 election. In 1987, after the decision in McNally v. United States, 483 U.S. 350 (1987), the government filed a superseding indictment charging 54 counts of mail fraud and alleging that Mr. George had deprived the Marion County taxpayers and voters of their right to control funds paid to the county executive (whose election George allegedly tried to influence). The district court dismissed the superseding indictment "with prejudice," explaining in a four-page memorandum opinion that it viewed the superseding indictment as an artifice designed to circumvent McNally.
 
 
 3
 On February 16, 1988, the United States indicted Mr. George on 46 counts of violating the Travel Act, 18 U.S.C. Sec. 1952. Once again, the indictment was based on the alleged attempt wrongfully to influence the outcome of the 1985 election. Mr. George moved for dismissal on the ground that the indictment violated his constitutional right not to be placed in jeopardy twice for the same offense. The district court denied the motion, and this appeal followed.
 
 
 4
 In Serfass v. United States, 420 U.S. 377, 388 (1975), the Supreme Court explained that
 
 
 5
 "the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.' In the case of a jury trial, jeopardy attaches when a jury is impaneled and sworn. In a non-jury trial, jeopardy attaches when the court begins to hear evidence. The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.' " (Citations and footnote omitted.)
 
 
 6
 Cf. United States v. Talbot, 825 F.2d 991, 997 (6th Cir.1987), cert. denied, 108 S.Ct. 773, 98 L.Ed.2d 860 (1988):
 
 
 7
 "Jeopardy does not attach in a criminal case until a defendant is put to trial before the trier of fact, which in a jury trial occurs when a jury is impaneled and sworn and in a non-jury trial when the court formally commences the trial by accepting evidence."
 
 
 8
 Mr. George argues that the district court's dismissal of the superseding indictment "with prejudice" means that he was "put to trial before the trier of facts." He urges this court to hold that a defendant has been placed in jeopardy where a court has given individualized consideration to a charge and dismissed it with prejudice.
 
 
 9
 Such a holding would be difficult to square with Serfass. Here, as in Serfass, the defendant moved to dismiss the indictment. Here, as there, the defendant had not waived his right to a jury trial at the time his motion was granted. "In such circumstances, the District Court [is] without power to make any determination regarding [a defendant's] guilt or innocence." Serfass, 420 U.S. at 389. In Serfass the Court concluded that
 
 
 10
 "[a]t no time during or following the hearing on petitioner's motion to dismiss the indictment did the District Court have jurisdiction to do more than grant or deny that motion, and neither before nor after the ruling did jeopardy attach."
 
 
 11
 Id.
 
 
 12
 Whether or not jeopardy ever attached in the present case, prior decisions of this circuit make it clear that the district court's order must be affirmed under Blockburger v. United States, 284 U.S. 299 (1932). The Double Jeopardy Clause bars only subsequent prosecutions for the same offense. Albernaz v. United States, 450 U.S. 333, 344 n. 3 (1981). In Blockburger, the Supreme Court declared that the test for determining whether there are two offenses or only one
 
 
 13
 "is whether each provision requires proof of a fact which the other does not.... A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."
 
 
 14
 284 U.S. at 304. Although sometimes criticized, the Blockburger test has never been repudiated by the Supreme Court--and it has been given a fairly expansive interpretation in this circuit.
 
 
 15
 In United States v. Benton, 852 F.2d 1456, 1465 (6th Cir.), cert. denied, 109 S.Ct. 555, 102 L.Ed.2d 582 (1988), we rejected the contention that the Blockburger analysis focuses on the particular facts alleged in the indictment rather than the statutory elements of the offenses charged. The Benton court quoted United States v. Zackert, 783 F.2d 677, 679 (6th Cir.1986), as having decided that "the question is not whether one might be, or is, convicted on the same facts in a particular case; rather, the court looks to whether every violation of one statute entails a violation of another." Benton, 852 F.2d at 1465.
 
 
 16
 With regard to the situation presented in the case at hand, there can be no doubt that the elements of the crime with which Mr. George was charged in 1987 are not the same as the elements of the crime with which he was charged in 1988. The elements of mail fraud are (1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme. United States v. Castile, 795 F.2d 1273, 1278 (6th Cir.1986). The elements of a Travel Act violation are (1) that the defendant traveled or used a facility in interstate commerce (2) with intent to commit unlawful activities and (3) attempted to commit or committed those unlawful acts. United States v. Finazzo, 704 F.2d 300, 306-07 (6th Cir.), cert. denied, 463 U.S. 1210 (1983).
 
 
 17
 That the government may intend to prove the same facts under the latest indictment that it intended to prove under its predecessor is not dispositive, under our holdings. Not every violation of the Travel Act entails a violation of the mail fraud statute. Accordingly, under Benton, the dismissal with prejudice of the indictment charging mail fraud could not bar a prosecution under the Travel Act.
 
 
 18
 The district court's order denying the defendant's motion to dismiss is AFFIRMED.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation