891 F.2d 297
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Richard WILCOX, Defendant-Appellant.
 No. 88-3091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Wilcox was sentenced to five-years imprisonment and five-years special parole term for possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841. Wilcox appeals pro se the district court's denial of his motion pursuant to Fed.R.Crim.P. 35(b) to modify his sentence. We affirm.
 
 II
 
 3
 We review the district court's denial of Wilcox's Rule 35(b) motion for an abuse of discretion. United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.1986).
 
 
 4
 Wilcox contends that the district court improperly imposed an enhanced sentence on him as a second-time offender. The contention fails.
 
 
 5
 Wilcox points out that the government informed the district court in a pre-trial Sentencing Memorandum that Wilcox could be given an enhanced sentence as a second-time offender: up to ten years incarceration and a mandatory minimum four-years special parole term. The government concedes that this statement was in error; while it contends that Wilcox indeed had the prior convictions requisite for such sentencing, it admits that it did not file the information required under 21 U.S.C. § 851.
 
 
 6
 This is immaterial, however, because Wilcox has not received an enhanced sentence; his sentence of five-years incarceration and five-years special parole term was in full accordance with his sentencing status of a first-time offender. See 21 U.S.C. § 841(b)(1)(D) ("Such person shall ... be sentenced to a term of imprisonment of not more than five years.... Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least two years in addition....") (emphasis added). Moreover, Wilcox cannot show that the district court relied on the erroneous Sentencing Memorandum in formulating its sentencing decision. The district court pointed out that it had been "fully aware of the range of possibilities at the time of sentencing" and that Wilcox "did not receive the maximum sentence."
 
 
 7
 We find that the district court did not abuse its discretion in denying Wilcox's Rule 35(b) motion. See United States v. Salas, 824 F.2d 751, 753 (9th Cir.1987) (upholding rejection of Fed.R.Crim.P. 35 motion and noting that defendant failed to show that district court had relied on disputed information in Sentencing Memorandum).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3