12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George BARRERA, Defendant-Appellant.
 No. 93-50138.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Barrera appeals pro se the district court's denial of his Fed.R.Crim.P. 35 motion for reduction of an eighteen-year pre-Guidelines sentence imposed following entry of a guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and interstate travel in aid of a narcotics felony in violation of 18 U.S.C. Sec. 1952. We dismiss the appeal.
 
 
 3
 On March 16, 1987, Barrera was sentenced to eighteen years' imprisonment. On July 15, 1987, Barrera moved for a reduction of his sentence pursuant to Fed.R.Crim.P. 35(b). Both parties stipulated that the motion be taken off calendar until the arrival of a report sought by Barrera in support of the motion. On October 20, 1989, Barrera filed additional materials and requested a ruling on the Rule 35 motion. On January 9, 1990, Barrera filed an additional exhibit in support of the motion. More than three years later, the district court denied the motion on February 5, 1993.
 
 
 4
 The district court retains jurisdiction over timely filed Rule 35 motions for a "reasonable time" beyond the 120-day period after the sentence is imposed. See Fed.R.Crim.P. 35(b); United States v. Rapp, 814 F.2d 1398, 1399 (9th Cir.1987) (time limitation in rule 35 ensures that district court does not usurp responsibilities of parole officials).
 
 
 5
 Although not raised by either party, we hold that the three-year delay in the district court's denial results in a loss of jurisdiction to exercise its discretion to reduce sentence. See Rapp, 814 F.2d at 1399 (where more than nine-month delay, district court loses jurisdiction to consider Rule 35 motion); United States v. Smith, 650 F.2d 206, 209 (9th Cir.1981) (twelve-month delay unreasonable). Further, because the district court's power to reduce sentence is discretionary, the unreasonable delay does not confer upon Barrera a reduction of sentence by default. See Smith, 650 F.2d at 209 ("A loss of jurisdiction to consider such a motion ... operates as a de facto denial").
 
 
 6
 Because the district court lacked jurisdiction to consider the Rule 35 motion, we dismiss the appeal.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3