15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward W. FORD, Jr., Defendant-Appellant.
 No. 93-50025.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward W. Ford, Jr., a federal prisoner, appeals pro se the denial of his Fed.R.Crim.P. 35 motion to reduce his pre-United States-Sentencing-Guidelines sentence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 On October 22, 1987, Ford was convicted of five counts of bank robbery and attempted bank robbery and one count of using and carrying a firearm during a crime of violence. On the bank robbery convictions, the district court sentenced him to concurrent fifteen-year terms of imprisonment and ordered that he would become eligible for parole after serving one-third of those terms. On the firearm conviction, the district court sentenced him to a consecutive five-year term. Ford did not file a direct appeal. On February 11, 1988, he filed a timely Rule 35(b) motion, which the district court denied on March 11, 1988.
 
 
 4
 On May 14, 1992, Ford filed a second Rule 35 motion. He claimed that (1) his five-year term was illegal because it should have been designated to precede the fifteen-year terms, and (2) his sentence should be reduced because of his rehabilitation. The district court found that Ford's sentence was not illegal and denied his request for Rule 35(b) relief as untimely.
 
 
 5
 Former Rule 35(a) provides that the district court "may correct an illegal sentence at any time." Fed.R.Crim.P. 35(a) (rule applicable to defendants who committed offenses before United States Sentencing Guidelines took effect); see also United States v. Thompson, 979 F.2d 743, 744 (9th Cir.1992). Former Rule 35(b) provides that the defendant must make a motion to reduce his sentence within 120 days after the sentence is imposed. Fed.R.Crim.P. 35(b). In essence, a Rule 35(b) motion is a plea for leniency. United States v. Thayer, 857 F.2d 1358, 1360 (9th Cir.1988).
 
 
 6
 Ford contends that his sentence is illegal because it requires him to serve his fifteen-year terms first, followed by his five-year term, which is not subject to parole; Therefore, he argues, he cannot become eligible for parole. In his Rule 35 motion, Ford pointed to the fact that in 1990, the United States Parole Commission continued his custody until expiration of his 20-year sentence. Ford's contention lacks merit.
 
 
 7
 18 U.S.C. Sec. 924(c)(1) provides that whoever uses a firearm during a crime of violence, "shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years." The statute also provides that the five-year term shall not "run concurrently with any other term of imprisonment." Id. The statute does not, however, specify the order in which the defendant must serve the consecutive sentences. Accordingly, the district court did not err by denying relief under Fed.R.Crim.P. 35(a).
 
 
 8
 Ford contends that his Rule 35(b) motion is timely because it is an extension of his first Rule 35(b) motion and because the Parole Commission exceeded its statutory authority in setting his parole date. The district court may not delay ruling on a Rule 35(b) motion in order to evaluate the Parole Commission's actions. United States v. Rapp, 814 F.2d 1398, 1399 (9th Cir.1987) (120-day limit ensures that courts do not usurp Parole Commission's responsibilities). Accordingly, Ford's contention lacks merit.[2]
 
 
 9
 Finally, Ford contends that even if his Rule 35(b) motion was untimely, the district court should have construed it as a 28 U.S.C. Sec. 2255 motion. This contention lacks merit because, as discussed above, in denying relief under Rule 35(a), the district court ruled on Ford's claim that his sentence was illegal. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir.1990) (per curiam) (Sec. 2255 motion must be based upon claim that sentence was imposed in violation of Constitution or laws of the United States). There was no need for the district court to use Sec. 2255 to reach Ford's claim of illegality.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction to consider this appeal because the district court has found that Ford delivered his notice of appeal to prison authorities within ten days after entry of the district court's Rule 35 order. See Houston v. Lack, 487 U.S. 266, 270 (1988)
 
 
 [2]
 If Ford wishes directly to challenge the Parole Commission's decision, he must file a habeas corpus petition pursuant to 28 U.S.C. Sec. 2241