**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Angel RAMIREZ–AGUILAR, Defendant-Appellant.**

**No. 71–2994.**

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1972.

Noreen K. Saltveit, of Marmaduke, Aschenbrenner, Merten & Saltveit, Portland, Or., for defendant-appellant.

Sidney I. Lezak, U. S. Atty., Jack C. Wong, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before MERRILL, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

Angel Ramirez-Aguilar appeals his conviction, following a nonjury trial, for being found in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. We affirm.

After appellant had been found in the United States on September 7, 1971, but before the prosecution from which he now appeals had been begun, deportation proceedings were instituted against him. On September 8, 1971, he was issued a notice of hearing in those deportation proceedings and was released after he posted an appearance bond. He now contends that his release on the bond constituted "consent" to his presence in the United States, so as to bar or estop the subsequent 8 U.S.C. § 1326 prosecution.

■ We disagree. The only "consent" manifested was that appellant remain at large in lieu of being taken into custody pending his hearing. As such, it had no relation whatsoever to the crime with which he was subsequently charged.

Appellant next argues that the deportation proceedings instituted against him, and the deportation order issued on October 19, 1971, as a result of those proceedings, constituted former jeopardy for the same offense for which he was later prosecuted under 8 U.S.C. § 1326. He therefore contends that the subsequent criminal prosecution was barred under the double jeopardy clause of the Fifth Amendment to the United States Constitution. We disagree.

■ This court has held that proceedings held solely for the purpose of deportation are not criminal proceedings, do not place the alien in peril of life or limb, and therefore do not bar a subsequent criminal prosecution. Bridges v. United States, 199 F.2d 811, 828 (9th Cir. 1952), reversed on other grounds, 346 U.S. 209, 73 S.Ct. 1055, 97 L.Ed. 1557 (1953); Bridges v. Wixon, 144 F. 2d 927, 936 (9th Cir. 1944), reversed on other grounds, 326 U.S. 135, 65 S. Ct. 1443, 89 L.Ed. 2103 (1945). We therefore conclude that the prosecution for violation of 8 U.S.C. § 1326 was not barred by the prior deportation proceedings in this case.

Finally appellant attacks the sentence imposed upon him, contending that it was imposed for an impermissible reason.[1]

1. The record reveals that the defendant had on twenty-five occasions been granted voluntary departures from the United States, had previously been deported six times, had been convicted nine times for previous violations of 8 U.S.C. § 1326, and had been convicted once for escaping from custody while serving a sentence for violation of 8 U.S.C. § 1326. The presentence report also indicates that defendant had been arrested in the United States on twelve previous occasions for offenses unconnected with the immigration laws. Moreover, while defendant's attorney represented at the trial that the defendant had not entered the United States illegally during almost three years since his last deportation in 1968, the

The matter of sentencing is within the discretion of the trial court, and not reviewable by an appellate court so long as the sentence falls within the bounds prescribed by statute. United States v. James, 443 F.2d 348 (9th Cir. 1971). We see no reason in the present case to depart from that general rule.

The conviction and the sentence imposed are affirmed.

report discloses that the defendant had been arrested in Sacramento, California, on at least two occasions in 1970. Not

surprisingly, the presentence report recommended that maximum sentence be imposed.