UNITED STATES of America,
Plaintiff-Appellee,

v.

Darius Gordon THOMPSON,
Defendant-Appellant.

No. 75–3551.

United States Court of Appeals,
Ninth Circuit.

July 9, 1976.

Robert J. McCrea (argued), Eugene, Ore., for defendant-appellant.

Kenneth C. Bauman, Asst. U. S. Atty. (argued), Portland, Ore., for plaintiff-appellee.

OPINION

Before WALLACE and SNEED, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM:

Pursuant to a negotiated plea bargain, Thompson pleaded guilty to distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). The prosecutor recommended a sentence of six months but the district judge imposed a sentence of four years. Thompson appeals from a denial of a motion to set aside or, in the alternative, to modify the sentence.

Thompson contends that the district judge failed to impose the recommended sentence because he was misinformed that Thompson had not cooperated with Drug Enforcement Administration (DEA) agents pursuant to the plea bargain. Thus he raises two issues on appeal: first, whether it was error to base the sentence on an alleged lack of cooperation without providing him an opportunity to rebut the charge; and second, whether it was error for the sentencing judge not to state in open court the

---

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

factors relied upon in setting the length of the sentence imposed. We affirm.

Thompson's trial was continued to give him an opportunity to cooperate with DEA agents. Later, when Thompson entered his guilty plea, he signed a form which states that the sentence is "solely a matter within the control of the Judge" and that he is "prepared to accept any punishment permitted by law which the Court sees fit to impose." Before accepting the plea, the district judge advised Thompson that the sentence he would receive, if any, would be decided solely by the court. The government made its promised recommendation but the district court chose not to accept it.

Thompson moved to vacate or modify the sentence and submitted an affidavit sworn to by his attorney alleging that subsequent to sentencing, the attorney had learned the following:

1. That the investigating parole officer Mr. Looney had indicated the defendant had failed to satisfactorily cooperate by his conduct in refusing to testify before the Grand Jury in San Diego; and that the defendant had failed to keep his cooperation agreement made through Mr. Baughman;

2. Statement of agent of the Drug Enforcement Administration, Mr. Jerry Olsen, that the Assistant U. S. Attorney had made his recommendation because he felt he was obligated to do so but he the agent had specifically recommended that the defendant be incarcerated;

3. That the court had subsequently stated that the court felt that the defendant had not kept his promise.

At the hearing on the motion, the district judge stated he had read the affidavit "quite thoroughly" and, in response to specific inquiry about whether Thompson and his wife cooperated, the judge stated:

There's never been anything submitted to me . . . which would indicate anything to the contrary. The only information I have was they showed a willingness or wanted to cooperate and I have

no reason to believe that they did not cooperate; on the other hand I will say this, that I don't have any information as to what the result of the cooperation was, but I don't think that is any problem because all I was concerned with was whether they did or didn't, and I have no reason to believe that they didn't.

■ Thompson is not asking us to review his sentence, nor could he. We continue to adhere to our earlier pronouncements and restate categorically:

The matter of sentencing is within the discretion of the trial court, and not reviewable by an appellate court so long as the sentence falls within the bounds prescribed by statute.

*United States v. Ramirez-Aguilar,* 455 F.2d 486, 488 (9th Cir. 1972); *see also United States v. James,* 443 F.2d 348, 349 (9th Cir. 1971).

■ Instead Thompson claims that his due process rights were violated because the sentence was based on misinformation which he had no opportunity to rebut, *United States v. Perri,* 513 F.2d 572 (9th Cir. 1975), and asks us to remand the case for a hearing to determine if he in fact cooperated. We decline this suggestion, however. The district judge stated that he believed Thompson was willing to and wanted to cooperate and that he had no information except that Thompson had cooperated. Thus there was no misinformation for Thompson to rebut.

■ Thompson next contends that the sentence was impermissible because the district judge failed to state in open court the factors upon which he relied in his sentence determination process. While some have suggested the benefit of a judge's stating his reasons for the sentence imposed, *United States v. Carden,* 428 F.2d 1116, 1118 (8th Cir. 1970); American Bar Association, Standards Relating to Sentencing Alternatives and Procedures § 5.6 (Approved Draft 1968), we hold that the failure to do so is not impermissible, *United States v. Brown,* 479 F.2d 1170, 1173 (2d Cir. 1973); *see Unit-*

*ed States v. Horsley,* 519 F.2d 1264, 1266 (5th Cir. 1975).[1]

Thompson contends that there cannot be a meaningful review of the sentencing process unless the sentencing judge is required to state the reasons for the sentence. The fallacy of Thompson's approach is its incorrect premise. We have specifically held that it is not the province of our court to review the sentence imposed by the district judge so long as the sentence is within the bounds prescribed by statute. *United States v. Ramirez-Aguilar, supra,* 455 F.2d at 488.

AFFIRMED.

1. This is not a case where there is a substantial disparity in sentences imposed on different persons, some of whom pleaded guilty while others stood trial. Therefore, our holding in *United States v. Capriola,* 537 F.2d 319 (9th Cir. 1976), that in such a case the sentencing judge's reasons for the disparity must appear in the record, is not controlling here.