UNITED STATES of America, Plaintiff-Appellee,

v.

Leon Allen DeWALD, Defendant-Appellant.

No. 80–1870X.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 14, 1981.

Decided Feb. 19, 1982.

Fern M. Segal, Sacramento, Cal., for defendant-appellant.

William B. Shubb, Asst. U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before WALLACE and SCHROEDER, Circuit Judges, and HENDERSON,* District Judge.

HENDERSON, District Judge:

Leon Allen DeWald appeals from the District Court's denial of his motion to reduce sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Appellant contends that the District Court abused its discretion by denying his motion. For the reasons stated below, we affirm.

I. *Facts*

On March 24, 1980, DeWald was sentenced to five years imprisonment followed by three years of special parole for knowingly importing heroin into the United States. Sentence was suspended and DeWald placed on probation. Approximately four months later, after a hearing which is not contested here, DeWald's probation was revoked and he was resentenced to five years imprisonment and three years special parole, with all but one year of the prison term suspended. The Court rescinded that sentence when advised by the prosecuting attorney that the maximum period of confinement available under a split sentence is six months. Emphasizing that he did not want DeWald to serve only six months in prison, Judge Price then sentenced him to three years in prison and three years of special parole.

Pursuant to Rule 35, DeWald filed a motion for reduction of sentence on November 12, 1980, less than 120 days after his July 21 resentencing, but more than 120 days after his original March 24 sentencing. The Dis-

---

* Honorable Thelton E. Henderson, United States District Judge, Northern District of California, sitting by designation.

trict Court conducted a hearing and denied DeWald's motion on the merits.

## II. *Issues*

Given the facts as described above, this appeal poses two issues: 1) whether the District Court had jurisdiction to entertain DeWald's Rule 35 motion filed less than 120 days after resentencing but more than 120 days after the original suspended sentence was imposed, and 2) whether the District Court abused its discretion by increasing the length of DeWald's prison term from one year to three when advised that it lacked authority to impose the one year term in the context of a split sentence.

## III. *Jurisdiction to Hear Rule 35 Motion*

■ . A motion for reduction of a lawful sentence must be filed within 120 days "after the sentence is imposed." Fed.R. Crim.P. 35(b). This 120 day limitation is jurisdictional and cannot be extended by court order. *United States v. Hetrick*, 644 F.2d 752 (9th Cir. 1980).

■ The language of Rule 35, however, does not resolve the issue we confront: whether the 120 day period commenced when DeWald was originally sentenced on March 24, 1980, or when he was resentenced on July 21. Nor is there any case on point in this circuit. Until recently, the only circuit to have ruled on this issue held that the 120 day period commences at the time of the initial sentencing. *United States v. Kahane*, 527 F.2d 491 (2nd Cir. 1975). Within the past year, however, the Third and Eighth Circuits have decided, in more extensive opinions, that the period begins to run when the probationer is resentenced. *United States v. Johnson*, 634 F.2d 94 (3rd Cir. 1980); *United States v. Colvin*, 644 F.2d 703 (8th Cir. 1981). For the reasons presented in those two cases, we hold that the District Court had jurisdiction to hear DeWald's Rule 35 motion.

## IV. *Discretion*

■ A sentence imposed by a federal district judge upon a criminal defendant, if within statutory bounds, typically is not subject to review. *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Ramirez-Aguilar*, 455 F.2d 486 (9th Cir. 1972). And only if the sentencing court abused its discretion shall an appellate court overturn a denial of a motion to reduce sentence. *United States v. Krueger*, 454 F.2d 1154, 1155 (9th Cir. 1972). No such abuse is present here.

In support of his contention that the District Court abused its discretion, DeWald advances two arguments, both of which are unfounded. First, he asserts that the trial judge failed to consider all of the relevant information concerning his personal history, change of attitude and prospects for future rehabilitation. In fact, the opposite is true. As the court indicated at the Rule 35 hearing, it had reviewed the materials presented on DeWald's behalf, but believed nonetheless that the punishment imposed was appropriate.

Second, DeWald contends that the court improperly circumvented the split-sentencing statute when it imposed the final sentence of three years imprisonment and three years of special probation. Nothing in 18 U.S.C. § 3651 suggests, however, that a court is required to impose a split sentence. It merely provides an alternative. Thus, the trial judge acted within his authority in rejecting the split sentence he first announced, and in sentencing DeWald instead to a three year prison term.

AFFIRMED.