UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose Luis MEDINA–CERVANTES,
Defendant-Appellant.

No. 81–1794 X.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 1982.

Decided Oct. 19, 1982.

George C. Boisseau, Federal Defenders of San Diego Inc., San Diego, Cal., for defendant-appellant.

Judith S. Feigin, Asst. U. S. Atty., argued, William H. Kennedy, U. S. Atty., Judith S. Feigin, Asst. U. S. Atty., on the brief, San Diégo, Cal., for plaintiff-appellee.

Before ELY, GOODWIN, and WALLACE, Circuit Judges.

ELY, Circuit Judge:

Medina-Cervantes was convicted by a jury of entering the United States illegally in violation of 8 U.S.C. § 1325 and of reentering the United States after having been deported in violation of 8 U.S.C. § 1326. He was sentenced to the maximum statutory penalty for each violation.[1] On appeal, he contends that the sentence imposed by the District Court unconstitutionally penalized him for his assertion of his Sixth Amendment right to trial by jury. We vacate the sentence imposed and remand for resentencing.[2]

Initially, we note that the sentence imposed by the District Court was within the range of penalties prescribed by statute. Ordinarily, our inquiry would end there. *See United States v. Thompson,* 541 F.2d 794, 795 (9th Cir. 1976). Medina-Cervantes contends, however, that the maximum statutorily permissible sentence was imposed not to punish him for the crime he committed but, rather, as a sanction for his assertion of the constitutional right to trial by jury. In support of this contention, Medina-Cervantes directs our attention to the following statements made by the District Court:

I've heard rumors around the Courthouse, it was said in an elevator, and one of the lawyers, so-and-so in your organization said: What have we got to lose.

Well I'll tell you what you got to lose. Its obvious to me that this man wanted a trial, with all his constitutional rights, and he insisted upon them and he had

them. To the cost to the government for the jury, with 40 jurors, $30 a piece is $1200, figure that transportation was $1500, cost defenders, cost of Schoonover, who nobody would stipulate, the fingerprints on the card, no pictures having been made.

All I can see is he was just thumbing his nose at our judicial system, stands there he could (sic) care less. Just a way of life, I guess. Be that as it may.

[Record Transcript 99–100].[3] Moreover, in imposing the fine upon Medina-Cervantes, the Court stated that its purpose was to reimburse the Government for the cost of the jury trial and reiterated that "He [Medina-Cervantes] has a lot to lose in this case." [R.T. 100].

It is well settled that an accused may not be subjected to more severe punishment simply because he exercised his right to stand trial. *United States v. Capriola,* 537 F.2d 319, 321 (9th Cir. 1976); *United States v. Stockwell,* 472 F.2d 1186, 1187 (9th Cir.), *cert. denied,* 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973). The "courts must not use the sentencing power as a carrot and stick to clear congested calendars, and they must not create an appearance of such a practice." *United States v. Stockwell,* 472 F.2d at 1187. Although we do not doubt the good faith of the district judge, we find that the above quoted statements clearly give rise to the inference that Medina-Cervantes was punished more severely because of his assertion of the right to trial by jury. Nothing in the record

1. Medina-Cervantes was sentenced to imprisonment for a period of two years and fined $1000 for each violation. The sentences were to run concurrently.

2. Medina-Cervantes does not contend that his convictions should be reversed on appeal.

3. The first portion of the district judge's remarks are susceptible to the interpretation that they were directed toward Medina-Cervantes' attorney rather than toward Medina-Cervantes himself. Even if all of the judge's remarks were so interpreted, it would not alter our conclusion. Medina-Cervantes was represented by an attorney associated with Federal Defenders of San Diego, Inc. Attorneys with Federal Defenders are consistently representing criminal

defendants in the federal courts. Any indication from trial judges that persons will be punished more severely if they exercise their right to jury trial will necessarily cause these attorneys to be reluctant to advise their client to go to trial. This reluctance will result in the "chilling" of an individual's right to trial as surely as if the individual himself were advised by the judge that additional punishment will be meted out if he demands a jury trial.

Regardless of to whom the remarks were directed, they were clearly improper. The plain fact of the matter is that, under our Constitution, a defendant should never have "anything to lose" if he exercises his right to a jury trial.

before us serves to dispel this inference. Accordingly, in order to avoid the "chilling effect" upon the exercise of the right to trial presented by even the appearance of such a practice, we conclude that the sentence imposed on Medina-Cervantes must be vacated.

Medina-Cervantes also requests that we remand to a different district judge for resentencing. We do not believe such a procedure is necessary under the facts of the present case.

 "Remand to a different judge is not the usual remedy when error is found in district court proceedings. Remand to a new judge is reserved for 'unusual circumstances.'" *United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir. 1979) (citation omitted). In determining whether further proceedings should be conducted before a different judge, we look to three principal factors:

1) Whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, 2) whether reassignment is advisable to preserve the appearance of justice, and 3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*United States v. Arnett,* 628 F.2d at 1165 (*quoting United States v. Robin,* 553 F.2d 8, 10 (2d Cir. 1977) (en banc)). In the present case, we see no reason to believe the district judge will be unable to focus solely on legally permissible factors in resentencing Medina-Cervantes. In resentencing Medina-Cervantes the district judge should, in the circumstances of this case, state the reasons underlying the sentence imposed.[4] We believe the provision of those reasons

will be sufficient to avoid any appearance of impropriety. Finally, a remand to the original district judge will avoid waste of valuable judicial resources. Accordingly, the sentence imposed on Medina-Cervantes is vacated and the cause remanded for further proceedings not inconsistent with this Opinion.[5]

REVERSED AND REMANDED.

---

4. Medina-Cervantes may deserve the most severe punishment permitted by law. Nevertheless, because of the apparently impermissible factors considered in imposing that sentence, we believe resentencing is required. We further believe that the District Court should expressly set forth the factors relied upon in sentencing on remand.

5. The district judge may, of course, refer the cause to another judge should he think it necessary or desirable.