**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Edgar THAYER,
Defendant–Appellant.**

**No. 87–3167.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 1988 *.

Decided Sept. 23, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael G. Martin, Seattle, Wash., for defendant-appellant.

Harry J. McCarthy, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, WALLACE and HUG, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Thayer contends that, because he is terminally ill and likely to die in prison, the district court abused its discretion in denying his Fed.R.Crim.P. 35(b) motion to reduce his 10–year sentence to suspension on time served. Affirmed.

## FACTS

While serving a 45–year prison term in Georgia for violation of securities laws, Thayer was indicted on six counts of wire fraud in the Western District of Washington. He came to trial in federal court and was found guilty on four counts.

In July 1987, the court sentenced him to 20 years (four consecutive five-year terms), the maximum sentence allowable, and ordered him to undergo a medical evaluation. *See* 18 U.S.C. § 4205(c). Physicians diagnosed cancer of the esophagus and placed Thayer's life expectancy at approximately one year.

In October 1987, having reviewed the medical study, the court resentenced Thayer to a total of 10 years in custody, to be followed by five years probation.

One month later Thayer moved the court under Fed.R.Crim.P. 35(b) for reduction of his sentence to time served.[1] He argued that, in light of the medical study, his ten-year sentence was clearly a life-sentence and was unduly harsh. The court denied that motion.

## ANALYSIS

 We review denial of a Rule 35(b) motion for abuse of discretion. *United*

---

1. Rule 35(b) provides:

    **Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

    The rule was wholly amended in 1985, but because Thayer committed his crimes before November 1, 1987, the quoted text controls. *See* Pub.L. No. 100–182, 101 Stat. 1271 (1987) (providing that the quoted text "shall apply with respect to all offenses committed before the taking effect of section 215(b) of the Comprehensive Crime Control Act of 1984.")

States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.), cert. denied, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986). "In determining whether a decision-maker abused his discretion, the reviewing 'court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" Id. (quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971)).

"A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court." United States v. Hooton, 693 F.2d 857, 859 (9th Cir.1982) (citation omitted). Its function is to allow courts to "decide if, on further reflection, the original sentence now seems unduly harsh." United States v. Smith, 650 F.2d 206, 208 (9th Cir.1981) (citation omitted).

A defendant is not entitled to probation simply because he suffers medical infirmities. See United States v. DeCologero, 821 F.2d 39 (1st Cir.1987); United States v. Bundy, 587 F.Supp. 95 (M.D. Tenn.1983); United States v. Wiese, 539 F.Supp. 1208 (W.D.N.Y.1982); United States v. King, 442 F.Supp. 1244, 1248 (S.D.N.Y.1978).

Of course, district judges in the exercise of their discretion may reduce sentences of those seriously ill. See United States v. Niemiec, 689 F.2d 688 (7th Cir. 1982); United States v. Episcopia, 660 F.Supp. 851 (S.D.N.Y.1987). But no case that we have found addresses whether denial of a seriously ill inmate's Rule 35 motion constitutes abuse of discretion.

In the October resentencing, Judge Tanner considered carefully Thayer's medical records, both physical and psychological. Thayer had refused both surgery and chemotherapy recommended by the medical staff for his cancer. According to psychological evaluations, he exhibits adult antisocial behavior. He demonstrates no remorse for his crimes, viewing his disposition of his victims' money, which he refers to as "investors' funds," as "failed business deals" in which he, too, lost a lot of money.

The court weighed Thayer's recent conviction and past criminal record. He defrauded one of his most recent "investors" of her life savings. He had been involved in other frauds in California and Georgia. He was wanted on a warrant for probation violation in California and upon release from federal custody he would serve the rest of his 45 year term in the Georgia prison.

The court evaluated the medical and other factors in light of its concern that the sentence imposed would assure public safety and provide specific and general deterrence. It weighed the seriousness of the offense, Thayer's accountability for it, and what the court deemed "probably the most effective method of treatment" in his case.

Although Thayer may be terminally ill, his criminal record and the seriousness of the present crime do not mandate a suspended sentence. In resentencing him the court considered clearly relevant factors. Thayer does not point to any factor the court failed to address at that time or in denying his Rule 35 motion.

CONCLUSION

There was no abuse of discretion in the denial of Thayer's motion to reduce his sentence. The judgment is AFFIRMED.