945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. RAFE, Defendant-Appellant.
 No. 91-10007.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 9, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William R. Rafe appeals the district court's denial of his motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b) (1987).[1] He was convicted following a guilty plea for manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Rafe contends that the district court abused its discretion in denying his motion to reduce sentence because his sentence was unduly disproportionate to those of his co-defendants, and because the district court erred by declaring the absence of new or relevant information justifying a sentence reduction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[2]
 
 
 3
 Generally, a pre-guidelines sentence imposed within statutory limits is not subject to review. United States v. Dewald, 669 F.2d 590, 592 (9th Cir.1982). Nonetheless, we review the denial of a Rule 35(b) motion to reduce sentence for an abuse of discretion. United States v. Thayer, 857 F.2d 1358, 1359 (9th Cir.1988). On review, we "consider whether the [district court's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.) (citation omitted), cert. denied, 479 U.S. 963 (1986). "The function of Rule 35(b) is 'simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh.' " United States v. Smith, 650 F.2d 206, 208 (9th Cir.1981) (citation omitted).
 
 Sentencing Disparity
 
 4
 "Disparity in the sentences of co-defendants does not indicate that the sentencing judge has abused his discretion." United States v. Garrett, 680 F.2d 650, 652 (9th Cir.1982). "Absent an infringement of defendant's constitutional right to stand trial, a district court judge is not required to explain the basis for disparate sentences, within statutory limits...." United States v. Endicott, 803 F.2d 506, 510 (9th Cir.1986).
 
 
 5
 Here, Rafe's four co-defendants received sentences ranging from three to five years in prison. Rafe was sentenced to 16 years in prison, well within the statutory maximum sentence of 20 years.[3] Since Rafe pleaded guilty, his right to stand trial was not implicated. See Endicott, 803 F.2d at 510. There is no evidence that the district court judge abused its discretion. See id.[4]
 
 New or Relevant Information
 
 6
 In support of his Rule 35(b) motion, Rafe submitted an affidavit and several prison progress reports. Rafe's affidavit explained his reasons for testifying in his co-defendant's trial. The progress reports indicated that during the three years of his incarceration, Rafe was a well-liked and cooperative inmate.
 
 
 7
 At the hearing on Rafe's Rule 35(b) motion, the district court stated that it had read and considered the motion and accompanying documents submitted by Rafe. The district court concluded that "no significant new information or relevant information not known to the Court at the time of sentencing [was] presented."
 
 
 8
 Rafe contends that the district court's reason for denying his Rule 35(b) motion was "flagrantly incorrect" because, in his opinion, the attached affidavit and reports were new and relevant. Nevertheless, the district court reviewed the materials presented in Rafe's behalf and concluded that they were not relevant to its decision regarding Rafe's motion. See, e.g., United States v. Rapp, 814 F.2d 1398, 1399 (9th Cir.1987) (parole commission's decision irrelevant for purpose of district court's Rule 35 ruling). We find no abuse in this conclusion. See Dewald, 669 F.2d at 592.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rafe was convicted and sentenced before November 1, 1987, the effective date of the United States Sentencing Guidelines
 
 
 [2]
 Rafe and the government stipulated that Rafe had attempted to file a Rule 35 motion in a timely manner, and that such a motion could now be considered
 
 
 [3]
 Rafe argues that his sentence exceeds the "normal" sentence for his offense by 140%. This argument lacks merit because regardless of what is "normal," Rafe's sentence is within the statutory limits
 
 
 [4]
 Rafe suggests that the district court imposed the 16 year sentence because Rafe testified for the defense in his co-defendant's trial. At Rafe's sentencing hearing, the district court stated that it found Rafe's testimony incredible. Nevertheless, based on Rafe's letter to the district court and other mitigating factors, the district court decided to subtract two years from the probation department's recommendation of 18 years in prison. There is no evidence to suggest that the district court based its sentence on Rafe's decision to testify in his co-defendant's trial