947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime Lopez CARRILLO, Defendant-Appellant.
 No. 91-10056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 25, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Lopez Carrillo appeals his sentence following conviction at jury trial for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.
 
 
 3
 Counsel for Carrillo filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified one possible issue for review: whether the district court abused its discretion by failing to reduce Carrillo's sentence following his motion to reduce sentence made pursuant to Fed.R.Crim.P. 35(b).[1] We have jurisdiction under 28 U.S.C. § 1291 and we grant counsel's request to withdraw and affirm the sentence.[2]
 
 
 4
 This court reviews a denial of a Rule 35(b) motion for abuse of discretion, United States v. Thayer, 857 F.2d 1358, 1359 (9th Cir.1988), or an abdication of discretion, United States v. Barker, 771 F.2d 1362, 1365 (9th Cir.1985). "The function of Rule 35(b) is 'simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh.' " United States v. Smith, 650 F.2d 206, 208 (9th Cir.1981) (quoting United States v. Maynard, 485 F.2d 247, 248 (9th Cir.1973)). A motion to reduce sentence under Rule 35(b) is therefore essentially a plea for leniency. Thayer, 857 F.2d at 1360; United States v. Hooton, 693 F.2d 857, 859 (9th Cir.1982).
 
 
 5
 Here, Carrillo's Rule 35(b) motion was merely a plea for leniency, making no reference to any information not previously considered by the court and offering no specific reasons. Nonetheless, the district court modified the judgment to make Carrillo eligible for parole pursuant to 18 U.S.C. § 4205(b)(2) on his possession with intent to distribute cocaine conviction.[3] In light of this record, we cannot say that the district court abused or abdicated its discretion by failing to reduce Carrillo's sentence. See Thayer, 857 F.2d at 1360.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Carrillo's offense of conviction took place in 1986, the version of Rule 35 in effect prior to November 1, 1987, applies. This provides, in relevant part:
 A motion to reduce a sentence may be made ... within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal.
 Fed.R.Crim.P. 35(b) (1987).
 
 
 [2]
 Following review of the record on appeal, we discern no other possible issues for appeal
 
 
 [3]
 Section 4205(b)(2) provides for parole eligibility "at such time as the [United States Parole] Commission may determine," without requiring that the defendant serve a minimum of one-third of his term. 18 U.S.C. § 4205(b)(2) (repealed effective November 1, 1987)