958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Hernan GOMEZ, aka Joe Hernan, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-56170.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Hernan Gomez, a federal prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. Gomez pleaded guilty to possession of cocaine with intent to distribute. We review de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm in part and reverse and remand in part.
 
 
 3
 A district court may dismiss a section 2255 motion summarily "[i]f it plainly appears from the face of the motion and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Dismissal is proper if the "allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985).
 
 
 4
 Gomez first contends that he should have been sentenced under the United States Sentencing Guidelines. This argument is meritless. Gomez was convicted for offenses that occurred on or before August 5, 1987. The Guidelines apply only to offenses committed on or after November 1, 1987. United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987).
 
 
 5
 Gomez also contends that the fifteen-year prison sentence he received was excessive and argues that he should have received the statutory minimum sentence of ten years. The statutory maximum for his offense was life imprisonment. See 21 U.S.C. § 841(b)(1) (1987). To the extent that Gomez is alleging that his sentence is unduly harsh, his proper recourse was to file a Rule 35(b) motion within 120 days after imposition of his sentence. See Fed.R.Crim.P. 35(b) (1987); United States v. Thayer, 857 F.2d 1358, 1360 (9th Cir.1988) (Rule 35(b) motion is in essence a plea for leniency). Because his motion, if construed as a Rule 35(b) motion, was untimely, he is not entitled to relief. See Fed.R.Crim.P. 35(b) (1987); United States v. Minor, 846 F.2d 1184, 1189 (9th Cir.1988). To the extent that Gomez contends that his sentence violates the eighth amendment, his claim also fails. See Harmelin v. Michigan, 111 S.Ct. 2680 (1991); United States v. Winrow, 951 F.2d 1069, 1071 (9th Cir.1991); see also Solem v. Helm, 463 U.S. 277, 290, 292 (1983).
 
 
 6
 Gomez next contends that he did not have an adequate opportunity to review and object to the presentence report. He does not identify any specific error in the presentence report but alleges generally that the prosecution's version of the offense was inaccurate. The district court did not err by summarily dismissing the section 2255 motion as to this claim. " 'Notice' pleading is not sufficient [to avoid summary dismissal], for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990) (discussing summary dismissals under Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (other quotations omitted), cert. denied, 111 S.Ct. 906 (1991); accord Poopola, 881 F.2d at 812 (section 2255 declarant must make "specific factual allegations which, if true, would entitle him to relief"). Because Gomez did not make "specific factual allegations" as to how the presentence report was inaccurate, the district court's summary dismissal was proper. See Poopola, 881 F.2d at 812.
 
 
 7
 Gomez next contends that his guilty plea was involuntary because his attorney promised him that he would receive only a ten-year sentence.
 
 
 8
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The accused must be aware of the nature and elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Id.
 
 
 9
 Voluntariness can be determined only by examining all of the circumstances surrounding the guilty plea and cannot be presumed from a silent record. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin, 395 U.S. at 243. In assessing the voluntariness of a guilty plea, "solemn declarations" made by a defendant in open court contemporaneously with his plea carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1987) (citing Blackledge, 431 U.S. at 74).
 
 
 10
 The government properly concedes on appeal that the district court record is inadequate to evaluate whether Gomez's plea was induced by a promise of a specific sentence. A transcript of the plea proceedings apparently has not been prepared. Moreover, as the government concedes, the transcript of the plea proceedings may not provide a sufficient basis for evaluating whether an off-the-record promise regarding sentencing was made. Accordingly, we remand to the district court to evaluate Gomez's claim in the context of the transcript of the plea proceeding and, if the transcript does not disprove Gomez's allegations, to expand the record to fully address the claim. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (district court need not hold a full evidentiary hearing if expansion of the record by documentary evidence provides a "full opportunity for presentation of relevant facts") (quoting Blackledge, 431 U.S. at 82-83).
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3