959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Alan HUNT, Defendant-Appellant.
 No. 91-30181.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Alan Hunt appeals the district court's denial of his Fed.R.Crim.P. 35(b) motion to reduce his sentence. He was convicted following a guilty plea to mail fraud, in violation of 18 U.S.C. § 1341, securities fraud, in violation of 15 U.S.C. §§ 77q(a) and 77(x), and making a false statement to a United States agency, in violation of 18 U.S.C. § 1001. Hunt contends that the district court abused its discretion by failing to state sufficient reasons for denying his Rule 35 motion. He argues that the district court should have reduced his sentence because he cooperated with the government and his coconspirator received a lesser sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Generally, a pre-guidelines sentence imposed within statutory limits is not subject to review. United States v. Dewald, 669 F.2d 590, 592 (9th Cir.1982). Nonetheless, we review for abuse of discretion a district court's denial of a Rule 35(b) motion to reduce a sentence. United States v. Thayer, 857 F.2d 1358, 1359 (9th Cir.1988). We " 'consider whether the [district court's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.' " United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.), cert. denied, 479 U.S. 963 (1986) (quoting Citizens to Protect Overton Park v. Volpe, 401 U.S. 402 (1971)).[1]
 
 
 4
 A district court is not required to state in open court the factors upon which it relied in imposing a pre-guidelines sentence, see United States v. Thompson, 541 F.2d 794, 795-96 (1976) (no abuse of discretion where district court failed to state in open court its reasons for imposition of the defendant's sentence), nor does a district court abuse its discretion by declining to hold a hearing on a motion for leniency, United States v. Eastman, 758 F.2d 1315, 1317 (9th Cir.1985). Therefore, the district court did not abuse its discretion by failing to state in open court its reasons for denying a reduction of the sentence, see Thompson, 541 F.2d at 795-96, or denying Hunt a hearing on his Rule 35 motion, see Eastman, 758 F.2d at 795.
 
 
 5
 "The function of Rule 35(b) is 'simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh.' " United States v. Smith, 650 F.2d 206, 208 (9th Cir.1981) (quoting United States v. Maynard, 485 F.2d 247, 248 (9th Cir.1973)). Following a review of evidence presented by a defendant in support of a reduction, the district court has the discretion to conclude that the evidence does not affect the original sentence. Dewald, 669 F.2d at 592.
 
 
 6
 Here, Hunt was sentenced to ten years imprisonment followed by five years of probation. In addition, Hunt was ordered to pay restitution in the amount of $7,794,418.58. Under the terms of his plea agreement, Hunt agreed to cooperate with the government in its investigation of the fraudulent scheme. In exhcange, the government promised to notify the district court in writing concerning the extent of Hunt's cooperation prior to imposition of judgment and sentence and/or any Rule 35 motion. The government sent a letter to the district court prior to sentencing and a second letter before the district court decided Hunt's Rule 35 motion. Both letters described Hunt as cooperative. Nonetheless, based on its review of the records, the district court issued an order denying the Rule 35 motion.
 
 
 7
 The district court clearly considered the extent of Hunt's cooperation with the government and concluded that this did not affect the appropriateness of the original sentence. See Dewald, 669 F.2d at 592. Therefore, the district court did not abuse its discretion by denying Hunt's Rule 35 motion despite his cooperation with the government. See Thayer, 857 F.2d at 1359-60. In addition, the district court was not required to consider the sentence length of a coconspirator who received a lesser sentence before a different judge, see United States v. Monroe, 943 F.2d 1007, 1017 (9th Cir.1991), petition for cert. filed, 60 U.S.L.W. 3544 (U.S. Jan. 17, 1992) (No. 91-1186). Therefore, the district court did not abuse its discretion by denying Hunt's sentence reduction on this basis. See Thayer, 857 F.2d at 1359-60.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 35 provides in relevant part:
 (b) Reduction of Sentence. "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed...."
 Fed.R.Crim.P. 35(b) (1986).
 Rule 35 was revised effective November 1, 1987, see Sentencing Reform Act of 1987, Pub.L. No. 100-182, § 2(a), 101 Stat. 1266, 1266. The prior version, which governs this case, applies to sentences for crimes committed before November 1, 1987. Id. § 22, 101 Stat. at 1271.