**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10310 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-00710-WHA-2 |
| v. | |
| LUIS ALBERTO GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted November 15, 2011
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and DUFFY, District Judge.[**]

Luis Alberto Gonzalez ("Gonzalez") appeals for the second time his 96-month

sentence imposed for conspiracy to commit wire fraud and wire fraud, arising out of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern New York, sitting by designation.

a car insurance scam he participated in with his wife, Katherine Paiz ("Paiz"). In a prior appeal, this court affirmed his conviction but remanded for resentencing because the district court had procedurally erred in its calculation of the Sentencing Guidelines by imposing two insufficiently supported enhancements. On remand, the district court accepted the lower Guideline range as correct, but nonetheless imposed the identical 96-month sentence, relying on the sentencing factors set forth in 18 U.S.C. § 3553(a). We affirm.

The district court did not impermissibly punish Gonzalez for exercising his constitutional right to trial. The court did not express any indication that it was punishing Gonzalez for putting the government to its proof versus pleading guilty. *Cf. United States v. Medina-Cervantes*, 690 F.2d 715, 716 (9th Cir. 1982). Rather, the principal concern voiced by the district court was with Gonzalez's last-minute decision to disavow his earlier confession and blame his wife for the crime, in contrast to Gonzalez's earlier representation that he would testify for her at her trial and exculpate her (which had persuaded the court to sever their trials in the first place).

Nor did the district court commit any significant procedural error during the resentencing. Although the district court misstated that Gonzalez had recanted his confession after jeopardy attached (as opposed to a week before) and that he had violated conditions of release one day later (as opposed to five days later), it cannot

2

be said, upon a review of the sentencing transcript, that the court based the sentence on the specific timing of these events, as opposed to the broader principles the court was discussing at the time.

The district court discussed the Guidelines calculation with the parties at the outset and clearly accepted the probation office's calculation as correct. It then spent considerable time outlining Gonzalez's history of "lack of respect for the law," before concluding that an above-Guidelines sentence was needed for a variety of § 3553 factors. The record as a whole does not suggest a passing or cursory statement about the Guideline range, but indicates the district court considered the range but found it to be inadequate to serve the sentencing goals. *See United States v. Autery*, 555 F.3d 864, 873 (9th Cir. 2009).

The district court did not err by considering Gonzalez's post-sentencing conduct. *See Pepper v. United States*, 131 S. Ct. 1229 (2011). The district court also sufficiently addressed and rejected Gonzalez's argument that his criminal history was overstated.[1]

---

[1] Although Gonzalez casts this as a procedural error, we have held that "variances" from a correctly calculated Guideline range are to be considered as part of the substantive reasonableness of the sentence, which is discussed below. *United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011).

Finally, even assuming the court may have violated Federal Rule of Criminal Procedure 32 by failing to inform Gonzalez of *ex parte* information it received from his wife's counsel that she did not plan to call Gonzalez because she did not think Gonzalez could credibly exonerate his wife after his defense at his own trial, any error was harmless as this information was largely cumulative of the public credibility problems Gonzalez had, which were expressly noted by the district court (i.e., the differences between his confession to the FBI and his defense at trial). *See United States v. Warr*, 530 F.3d 1152, 1163 (9th Cir. 2008).

As there were no procedural errors with the sentence, we proceed to review for substantive reasonableness; we review the district court's decision for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Although the district court was primarily focused on the need to "promote respect for the law," the record indicates that the court did consider the additional factors set forth in § 3553(a) and also based the sentence on the need to protect the public, provide deterrence, and adequately reflect the seriousness of the crime. Although some of the factors identified to support the above-Guidelines sentence were encompassed by the criminal history calculation, the court also identified some factors which were not.

*See United States v. Lichtenberg*, 631 F.3d 1021, 1027 (9th Cir. 2011).  The sentence was not substantively unreasonable.

**AFFIRMED**.

5