NOT FOR PUBLICATION

FILED

AUG 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10441 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00054-TLN-1 |
| v. | |
| CHRISTOPHER JACKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

**1.** The government introduced sufficient evidence at trial to prove beyond a reasonable doubt that Christopher Jackson committed wire fraud in violation of 18 U.S.C. § 1343. Viewing the evidence in the light most favorable to the government, a reasonable jury could conclude that Jackson participated in a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

scheme to defraud, used wire transfers in furtherance of the scheme, and specifically intended to defraud his victims. *See United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013). Jackson misrepresented to investors that the money they loaned would be used to fund "no-risk" real estate development projects when in actuality Jackson used the money they loaned to pay for Jackson's personal expenses and to pay Genesis' earlier investors. We reject Jackson's argument that the government had an obligation to establish that funds equal to the amount investors gave Jackson were not invested in KOA and Sycamore through other investment clubs. Though tracing of particular amounts may have been immaterial, there was no evidence raising a serious question whether amounts roughly equal to the money loaned were invested in real estate.

The district court did not abuse its discretion in holding that the Romo plea agreement was inadmissible on relevance grounds because Romo's theft from Sycamore does not bear on whether Jackson defrauded investors.

The government's case-in-chief relied solely upon Jackson's misrepresentations to investors, so there was neither a constructive amendment of the superseding indictment nor a constructive variance. *See United States v. Adamson*, 291 F.3d 606, 614–15 (9th Cir. 2002). The evidence presented at trial did not differ from the misrepresentation theory alleged in the superseding

indictment. The government did not alter the crime charged in the superseding indictment such that "it was impossible to know whether the grand jury would have indicted for the crime actually proved." *Id.* at 615.

**2.** The district court properly applied the preponderance-of-the-evidence standard at sentencing. The district court increased Jackson's offense level based primarily on the amount of loss, the number of victims involved, and an adjustment for role in the offense. Because these enhancements were based entirely on the extent of the offense, the district court did not have to use a heightened standard of proof at sentencing. *United States v. Armstead*, 552 F.3d 769, 777 (9th Cir. 2008).

**3.** The record does not support Jackson's argument that the district court subjected him to a longer prison sentence because he exercised his right to stand trial. The district court made the statement, "You went to trial, you gambled, you took a chance, and you lost," to explain why there was no unwarranted disparity between Jackson's sentence and the sentence of his co-defendant Michael Bolden, who pleaded guilty pursuant to a plea agreement that capped his sentencing exposure to the statutory maximum of 20 years. The district court never suggested at sentencing that it believed Jackson's decision to go to trial resulted in a waste of the court's time and resources. *See United States v. Medina-Cervantes*, 690 F.2d 715, 716–17 (9th Cir. 1982).

**4.** The district court did not clearly err at sentencing by imposing a 2-level enhancement for obstruction of justice. A district court must make the following factual findings when imposing an obstruction enhancement based on the defendant's having committed perjury at trial: "(1) that the defendant gave false testimony under oath (2) concerning a material matter (3) with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002). The district court here made the requisite findings. The court stated that Jackson's false testimony concerned a material matter because it concerned an element of the wire fraud offense: whether he lied to investors. Once the district court decided to impose the enhancement for obstruction of justice, the government informed the court that it had to make the finding that the "highlighted testimony was knowingly false, material and under oath." The court responded, "The Court will make that finding." The record makes clear that the district court made the requisite findings for an obstruction of justice enhancement.

**AFFIRMED.**