**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10265 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00035-LJO-SKO-1 |
| v. | |
| JONATHAN MOTA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 15, 2021
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and RESTANI,** Judge.

Appellant Jonathan Mota appeals his conviction for attempting to kill a

federal officer in violation of 18 U.S.C. § 1114. We have jurisdiction under 28

U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

case, we do not recite them here.

Appellant first challenges expert testimony regarding prison-made weapons, medical expert testimony, and expert testimony regarding his intent to kill. We review for plain error where a defendant raises on appeal the admissibility of expert testimony to which he did not object at trial. *See* Fed. R. Crim. P. 52(b); *United States v. Diaz*, 876 F.3d 1194, 1196 (9th Cir. 2017). We may correct an error not raised at trial only when: (1) there is an error; (2) that is clear or obvious, rather than subject to reasonable dispute; (3) the error affected appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Diaz*, 876 F.3d at 1196 (citing *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014)). If there were any individual or cumulative evidentiary errors, they did not rise to the level of plain error as they did not affect Mota's substantial rights given the other evidence against him. *See Lopez*, 762 F.3d at 863.

Mota next argues that the trial court's decisions to shackle Mota at trial and admit into evidence two photographs were errors that require reversal of his conviction both when considered cumulatively with the purported evidentiary errors and as individual errors. We review a decision to restrain a defendant for abuse of discretion. *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994). There was

no abuse of discretion here. The trial court reasonably found the need to maintain the security of the courtroom given Mota's past convictions for violent acts. *See id.* (affirming shackling decision where defendant had a "demonstrated propensity for violence"). The trial court took reasonable measures to protect Mota's presumption of innocence and the decorum of the judicial proceedings. *See United States v. Fernandez*, 388 F.3d 1199, 1245 (9th Cir. 2004) (finding no abuse of discretion when defendants were not handcuffed, shackles were "padded to avoid noise," and shackles were not visible to the jury).

We review the admission of photographs for abuse of discretion. *United States v. Chambers*, 918 F.2d 1455, 1462 (9th Cir. 1990). Mota objected to the admission of two photographs at trial on the grounds of relevance and prejudice and argues on appeal that these photographs were substantially more prejudicial than probative and violated Rule 403. There was no error or prejudice regarding the admission of the photographs, nor was there cumulative error when considered with the shackling or purported evidentiary errors.

Appellant lastly argues that he was sentenced more harshly for going to trial and that his sentence was substantively unreasonable. A trial court errs when its statements give rise to the inference that a defendant is punished more severely because they asserted their right to go to trial. *United States v. Medina-Cervantes*, 690 F.2d 715, 716–17 (9th Cir. 1982). The district court's comments here do not

suggest that the court punished Mota more harshly for going to trial but rather explain why Mota was situated differently from his co-defendants who pleaded guilty. We review the reasonableness of a sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). A trial court abuses its discretion if its application of the correct legal standard was "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). The district court did not abuse its discretion in imposing a 240-month sentence to run consecutively to Mota's underlying sentence as the record supports such a sentence.

**AFFIRMED.**